

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
NORTHERN DISTRICT OF MISSISSIPPI

DAVID CREWS, CLERK

**January 22, 2008**

911 JACKSON AVENUE, SUITE 369
OXFORD, MS 38655
TELEPHONE: (662) 234-1971
FACSIMILE: (662) 236-5210

301 WEST COMMERCE STREET, SUITE 308
POST OFFICE BOX 704
ABERDEEN, MS 39730
TELEPHONE: (601) 369-4952
FACSIMILE: (601) 369-9569

305 MAIN STREET, SUITE 329
POST OFFICE BOX 190
GREENVILLE, MS 38701
TELEPHONE: (601) 335-1651
FACSIMILE: (601) 332-4292

Clerk, U.S. District Court
Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

08CR17

FILED
1-28-08
JAN 2 8 2008 CM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

    Re:    United States v. Michael Lockett
             Criminal No. 1:01CR034-B
             Transfer of Jurisdiction

Dear Sir:

    Enclosed herewith are certified copies of the following pleadings regarding the above-named defendant:

Transfer of Jurisdiction (copy)
Indictment
Judgment
Docket Entries

Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

DAVID CREWS, CLERK

By: *S. Adams*

S. Adams
Deputy Clerk/Case Manager

Enclosures

CLOSED, PLEA_AGREEMENT

# U.S. District Court
# Northern District of Mississippi (Eastern Division)
# CRIMINAL DOCKET FOR CASE #: 1:01-cr-00034-NBB-4
# Internal Use Only

Case title: USA v. Cox, et al

Date Filed: 03/02/2001
Date Terminated: 12/19/2001

Assigned to: Neal B. Biggers

**Defendant**

**Michael Lockett** (4)
*TERMINATED: 01/04/2002*

represented by **Richard Burdine**
RICHARD BURDINE, ATTORNEY
501 7th Street North
Suite 1
Columbus, MS 39701
(662) 329-2231
*TERMINATED: 01/04/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Eddie Lockett**
319 Martin Luther King Drive
Macon, MS 39341
*TERMINATED: 01/04/2002*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

21:841A=ND.F NARCOTICS - SELL,
DISTRIBUTE, OR DISPENSE - did
knowingly and intentionally distribute a
Schedule II narcotic controlled substance
(ccoaine base (crack cocaine))
(7-8)

**Disposition**

IMPRISONMENT: 120 mos. on each
count to be served conc.; SUPERVISED
RELEASE: 5 yrs.; SPECIAL
ASSESSMENT: $200

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

21:846=ND.F CONSPIRACY TO DISTRIBUTE NARCOTICS - did knowingly and willfully conspire to possess with intent to distribute a Schedule II narcotic controlled substance (cocaine base (crack cocaine)) (21:841) (1)

Count 1 was dismissed on motion of the USA.

### Highest Offense Level (Terminated)
Felony

### Complaints
None

### Disposition

### Plaintiff

**United States of America**          represented by **Curtis Ivy, Jr.**
U.S. ATTORNEY'S OFFICE
900 Jefferson Avenue
Oxford, MS 38655-3608
(662) 234-3351
Email: curtis.ivy@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2001 | | RECORD of Grand Jurors Concurring (placed in restricted vault) as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith (sta) (Entered: 04/19/2001) |
| 03/02/2001 | 1 | INDICTMENT as to Michael Lockett (4) count(s) 1, 7-8, estimated trial days: 5 (sta) (Entered: 04/19/2001) |
| 03/02/2001 | 2 | Notice of Penalties as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith (sta) (Entered: 04/19/2001) |
| 03/02/2001 | 3 | MOTION by USA as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith to Seal Indictment [3-1] motion referred to Magistrate Judge S. Allan Alexander (sta) (Entered: 04/19/2001) |
| 03/05/2001 | 4 | ORDER as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith granting [3-1] motion to Seal Indictment as to Kenneth Jermaine Cox (1), Tony Cox (2), Marcus Dawson |

| | | |
|---|---|---|
| | | (3), Michael Lockett (4), Johnathan Phinizee (5), Kenny Ray Smith (6) ( Signed by Magistrate Judge S. Allan Alexander on 03/05/01) Date of Entry: 04/19/01 (sta) (Entered: 04/19/2001) |
| 04/03/2001 | 5 | MOTION by USA as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith to Unseal Indictment [5-1] motion referred to Magistrate Judge Eugene M. Bogen (sta) (Entered: 04/19/2001) |
| 04/03/2001 | 6 | ORDER as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith granting [5-1] motion to Unseal Indictment as to Kenneth Jermaine Cox (1), Tony Cox (2), Marcus Dawson (3), Michael Lockett (4), Johnathan Phinizee (5), Kenny Ray Smith (6) ( Signed by Magistrate Judge Eugene M. Bogen on 04/03/01) Date of Entry: 04/19/01 (sta) (Entered: 04/19/2001) |
| 04/03/2001 | 9 | Criminal Information Sheet by USA as to Michael Lockett ( Lowndes County) (sta) (Entered: 04/19/2001) |
| 04/03/2001 | | (Court only) **Added Government Attorney Curtis Ivy Jr. as to Kenneth Jermaine Cox, Tony Cox, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith (sta) (Entered: 04/20/2001) |
| 04/04/2001 | | Arrest WARRANT issued as to Michael Lockett (sta) (Entered: 04/19/2001) |
| 05/02/2001 | | ARREST of Michael Lockett (sta) (Entered: 05/22/2001) |
| 05/14/2001 | 32 | Rule 40 Documents as to Michael Lockett received from Southern District of Mississippi: Docket Entries, CJA 20 Appointment of Counsel, CR/MIN of Initial Appearance; CR/MIN of Detention Hearing and Commitment to Another District. (sta) (Entered: 05/21/2001) |
| 05/14/2001 | 33 | CJA 23 FINANCIAL AFFIDAVIT by Michael Lockett (sta) (Entered: 05/21/2001) |
| 05/14/2001 | | Initial appearance as to Michael Lockett held on 5/14/01 Arraignment set for 10:30 5/22/01 for Michael Lockett ( before Magistrate Judge S. Allan Alexander) (sta) (Entered: 05/22/2001) |
| 05/14/2001 | | (Court only) **Excludable XR start as to Michael Lockett awaiting initial appearances of co-defendants (kmt) (Entered: 05/24/2001) |
| 05/15/2001 | 34 | CRIMINAL MINUTES for: Initial Appearance held 05/14/01 as to Michael Lockett. Defendant has retained counsel, Richard Burdine. Bond not an issue, detention hearing previously held in S/D of MS. Arraignment set for 5/22/01 @ 10:30 A.M. Location: Oxford, MS before Magistrate Judge S. Allan Alexander Court Reporter: TAPED (sta) Modified on 06/22/2001 (Entered: 05/22/2001) |
| 05/15/2001 | | TAPE of Initial Appearance held 05/14/01 as to Michael Lockett (housed in 3:01CR50) (sta) (Entered: 05/22/2001) |

| | | |
|---|---|---|
| 05/15/2001 | 35 | Arrest WARRANT Returned Executed as to Michael Lockett on 5/2/01 (sta) (Entered: 05/22/2001) |
| 05/15/2001 | | (Court only) **Added for Michael Lockett Attorney Richard Burdine (sta) (Entered: 06/22/2001) |
| 05/23/2001 | | Arraignment as to Michael Lockett held on 5/23/01 in Oxford, MS before Judge Alexander (kmt) (Entered: 05/24/2001) |
| 05/23/2001 | | TAKING OF PLEA Not Guilty: Michael Lockett (4) count(s) 1, 7-8 , Location: Oxford, MS before Magistrate Judge S. Allan Alexander Court accepts plea. (kmt) (Entered: 05/24/2001) |
| 05/23/2001 | | Tape of Arraignment held on 05/23/01 in Oxford, MS before Judge Alexander as to Michael Lockett (housed in 1:01CR15) (kmt) (Entered: 05/24/2001) |
| 05/23/2001 | 42 | CRIMINAL MINUTES for: Arraignment held on 05/23/01 as to Michael Lockett; Defendant waived reading of indictment, entered not guilty plea. Scheduling Order to be entered when all defendants have appeared. Location: Oxford, MS before Magistrate Judge S. Allan Alexander Court Reporter: Taped (kmt) (Entered: 05/24/2001) |
| 06/18/2001 | 60 | SCHEDULING ORDER as to Kenneth Jermaine Cox, Antonio Cameron, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith setting Voir Dire for 9:30 8/6/01, Oxford, MS for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray Smith ; Jury Trial for 9:30 8/6/01, Oxford, MS for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray ; Discovery cutoff 7/6/01 for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, Johnathan Phinizee, for Kenny Ray Smith ; Motion Filing deadline on 7/16/01 for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray Smith ; Plea Agreement deadline on 7/23/01 for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray Smith. (Signed by Magistrate Judge Jerry A. Davis on 06/14/01) (sta) (Entered: 06/22/2001) |
| 07/10/2001 | 65 | PLEA AGREEMENT as to Michael Lockett Count(s): 7 & 8 (sta) |
| 07/11/2001 | 67 | ORDER as to Kenneth Jermaine Cox, Antonio Cameron, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith granting [62-1] motion to Continue in Interests of Justice Time Excluded from 08/06/01 to 09/10/01 as to Marcus Dawson (3), reset Scheduling Order Deadlines: Voir Dire set for 9:30 9/10/01 for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray Smith ; Jury Trial for 9:30 9/10/01 for Kenneth Jermaine Cox, for Antonio Cameron, for Marcus Dawson, for Michael Lockett, for Johnathan Phinizee, for Kenny Ray Smith ; (Signed by Senior Judge Neal B. Biggers |

|            |    |                                                                                                                                                                                                                                                   |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | on 07/11/01) Date of Entry: 07/12/01 (sta) (Entered: 07/12/2001)                                                                                                                                                                                  |
| 07/12/2001 |    | Change of Plea Hearing as to Michael Lockett set for 10:00, 7/16/01; Location: Oxford, before Senior Judge Neal B. Biggers. (nfs)                                                                                                                 |
| 07/16/2001 |    | Change of Plea Hearing as to Michael Lockett held on 7/16/01 in Oxford before Judge Neal B. Biggers, Jr. (nfs)                                                                                                                                    |
| 07/16/2001 |    | CHANGE OF PLEA Guilty: Michael Lockett (4) count(s) 7-8 ; Location: Oxford before Senior Judge Neal B. Biggers. Court accepts plea. (nfs)                                                                                                         |
| 07/16/2001 | 68 | CRIMINAL MINUTES for: Change of Plea as to Michael Lockett held 7/16/01; Location: Oxford, before Senior Judge Neal B. Biggers. Court Reporter: Debbie Harris. (nfs) Modified on 07/17/2001                                                        |
| 08/21/2001 | 73 | MOTION by USA as to Michael Lockett to Admit Defendant to Bail (sta) (Entered: 08/22/2001)                                                                                                                                                        |
| 08/29/2001 | 80 | ORDER as to Michael Lockett granting [73-1] motion to Admit Defendant to Bail. Bond set to $10,000.00 Secured for as to Michael Lockett (4) (Signed by Senior Judge Neal B. Biggers on 08/28/01) Date of Entry: 08/29/01 (sta)                     |
| 08/31/2001 |    | (Court only) **Location LR as to Michael Lockett per Appearance Bond filed 09/05/01. (sta) (Entered: 09/06/2001)                                                                                                                                  |
| 08/31/2001 |    | (Court only) **Added for Michael Lockett Surety Eddie Lockett (sta) (Entered: 09/06/2001)                                                                                                                                                         |
| 09/05/2001 | 85 | Appearance BOND entered by Michael Lockett in Amount $ 10,000.00 Secured Receipt #64606 - $1,000.00 deposited into the registry. Defendant released on 8/31/01. (sta) (Entered: 09/06/2001)                                                        |
| 09/06/2001 | 86 | ORDER Setting Conditions of Release as to Michael Lockett Bond reset to $10,000.00 Secure for Michael Lockett. ( Signed by Senior Judge Neal B. Biggers on 09/06/01) (sta)                                                                         |
| 09/10/2001 |    | Sentencing set for 10:00, 9/26/01,for Michael Lockett (4), count(s) 7-8; Location: Oxford, before Senior Judge Neal B. Biggers. (nfs)                                                                                                             |
| 09/24/2001 | 87 | MOTION by Michael Lockett to Continue Sentence (sta) (Entered: 09/26/2001)                                                                                                                                                                        |
| 09/25/2001 | 88 | ORDER as to Michael Lockett granting [87-1] motion to Continue Sentence as to Michael Lockett (4), terminated deadline - sentencing (Signed by Senior Judge Neal B. Biggers on 09/24/01) Date of Entry: 09/26/01 (sta) (Entered: 09/26/2001)       |
| 10/12/2001 |    | Sentencing reset for 10:00, 11/1/01, for Michael Lockett (4), count(s) 7-8; Location: Oxford, before Senior Judge Neal B. Biggers. (nfs)                                                                                                          |
| 10/29/2001 |    | NOTICE of Continuance as to Michael Lockett: Continuing Sentencing previously scheduled for 11/1/01 until further notice of the court . (nfs)                                                                                                     |

| | | |
|---|---|---|
| 10/29/2001 | | (Court only) **Terminated deadlines as to Michael Lockett. (nfs) |
| 11/05/2001 | | Sentencing set for 10:00, 11/29/01, for Michael Lockett (4), count(s) 7-8; Location: Oxford, before Senior Judge Neal B. Biggers, Jr. Senior Judge Neal B. Biggers (nfs) |
| 11/19/2001 | | NOTICE of Continuance as to Michael Lockett: Continuing Sentencing, previously set for 11/29/01, until further notice of the court . Location: (nfs) |
| 11/19/2001 | | (Court only) **Terminated deadlines as to Michael Lockett (nfs) |
| 11/29/2001 | | Sentencing set for 10:00, 12/19/01, for Marcus Dawson (3), count(s) 1, 13; Michael Lockett (4), count(s) 7-8; Johnathan Phinizee (5), count(s) 11; Kenny Ray Smith (6), count(s) 9; Location: Oxford, before Senior Judge Neal B. Biggers. (nfs) |
| 12/19/2001 | | Sentencing held on 12/19/01 in Oxford before Senior Judge Neal B. Biggers, Jr.: Michael Lockett (4), count(s) 7-8. (nfs) (Entered: 12/20/2001) |
| 12/19/2001 | | DISMISSAL of Count(s) on Government Motion as to Michael Lockett. Counts Dismissed: Michael Lockett (4), count(s) 1. (nfs) (Entered: 12/20/2001) |
| 12/19/2001 | 98 | ORDER of Voluntary Surrender as to Michael Lockett. It is ordered that the defendant surrender himself by reporting as directed by the Clerk of the Court on January 15, 2002. (Signed by Senior Judge Neal B. Biggers on 12/19/01). (nfs) (Entered: 12/20/2001) |
| 12/19/2001 | 99 | CRIMINAL MINUTES for: Sentencing as to Michael Lockett held 12/19/01; Location: Oxford, before Senior Judge Neal B. Biggers. Court Reporter: Debbie Harris. Order of Voluntary Surrender entered. (nfs) Modified on 12/21/2001 (Entered: 12/20/2001) |
| 12/28/2001 | 107 | JUDGMENT Michael Lockett (4) count(s) 7-8. IMPRISONMENT: 120 mos. on each count to be served conc.; SUPERVISED RELEASE: 5 yrs.; SPECIAL ASSESSMENT: $200 (Signed by Senior Judge Neal B. Biggers on 12/28/01) JC #69 pgs. 39-43 Date of Entry: 01/04/01 (sta) (Entered: 01/04/2002) |
| 01/04/2002 | | (Court only) **Termination of party Kenny Ray Smith, party Johnathan Phinizee, party Michael Lockett, party Marcus Dawson pending deadlines and pending motions as to Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith (sta) |
| 01/04/2002 | | (Court only) **Case closed as to Kenneth Jermaine Cox, Antonio Cameron, Marcus Dawson, Michael Lockett, Johnathan Phinizee, Kenny Ray Smith (all defendants). (sta) |
| 01/29/2002 | 116 | Judgment Returned Executed as to Michael Lockett ; on 01/28/02 Defendant in custody at FCI Forrest City Bus at Memphis, TN (kmt) Modified on 02/08/2002 |

| | | |
|---|---|---|
| 01/31/2002 | 117 | MOTION by USA as to Michael Lockett for Reduction of Sentence for Changed Circumstances Under Rule 35 (sta) Modified on 02/08/2002 |
| 04/08/2002 | 122 | DENIAL of Federal Benefits as to Michael Lockett (sta) |
| 07/22/2002 | 127 | MOTION by Eddie Lockett for Michael Lockett for Release of Funds (kmt) |
| 08/20/2002 | 128 | ORDER as to Michael Lockett granting [127-1] motion for Release of Funds to Eddie Lockett as to Michael Lockett (4) (Signed by Senior Judge Neal B. Biggers on 08/20/02) Date of Entry: 08/21/02 (sta) (Entered: 08/21/2002) |
| 08/23/2002 | | MAILED check no. 1061 in the amount of $1,009.27 payable to Eddie Lockett as to Michael Lockett (sta) |
| 01/17/2003 | 132 | ORDER as to Michael Lockett granting [117-1] motion for Reduction of Sentence for Changed Circumstances Under Rule 35 as to Michael Lockett (4). The court REDUCES the sentence previously imposed to a term of eighty (80) months imprisonment. All other aspects of the sentencing order remain unchanged. (Signed by Senior Judge Neal B. Biggers on 01/16/03) Date of Entry: 01/21/03 (sta) (Entered: 01/21/2003) |
| 01/14/2008 | 159 | Probation Jurisdiction Transferred to Northern District of Illinois as to Michael Lockett: Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sta, USDC) (Entered: 01/22/2008) |

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.

Attest 1/22/08
David Crews, Clerk

By S. Adams
Deputy Clerk

FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAR 2 – 2001

ARLEN B. COYLE, CLERK
By ___V-Adams___ Deputy

UNITED STATES OF AMERICA

v.                                                     CRIMINAL NO. 1:01CR 034 -B

KENNETH JERMAINE COX,                  18 U.S.C. 2
TONY COX, MARCUS DAWSON,           18 U.S.C. 3013(a)(2)(A)
MICHAEL LOCKETT,                              18 U.S.C. 841(a)
JOHNATHAN PHINIZEE, and                 18 U.S.C. 841(b)(1)(A), (b)(1)(B), (b)(1)(C)
KENNY SMITH                                        18 U.S.C. 846
                                                               18 U.S.C. 851
                                                               21 U.S.C. 862(a)

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about September 9, 1996 to on or about November 2000, in the Northern District of Mississippi and elsewhere, KENNETH JERMAINE COX, MARCUS DAWSON, MICHAEL LOCKETT, JOHNATHAN PHINIZEE, and KENNY SMITH, defendants herein, did knowingly and willfully conspire with each other and persons known and unknown to the grand jury to possess with intent to distribute a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (B)(1)(C).

### COUNT TWO

On or about January 27, 1999, in the Northern District of Mississippi, MARCUS DAWSON, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic

controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

### COUNT THREE

On or about March 5, 1999, in the Northern District of Mississippi, MARCUS DAWSON, defendant herein, did knowingly and intentionally distribute a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT FOUR

On or about June 4, 1999, in the Northern District of Mississippi, KENNETH JERMAINE COX, defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT FIVE

On or about June 23, 1999, in the Northern District of Mississippi, MARCUS DAWSON, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

### COUNT SIX

On or about July 7, 1999, in the Northern District of Mississippi, MARCUS DAWSON, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

## COUNT SEVEN

On or about August 30, 1999, in the Northern District of Mississippi, MICHAEL LOCKETT, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

## COUNT EIGHT

On or about September 27, 1999, in the Northern District of Mississippi, MICHAEL LOCKETT, defendant herein, aided and abetted by an unknown person did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a) and (b)(1)(B).

## COUNT NINE

On or about November 1, 1999, in the Northern District of Mississippi, KENNY SMITH, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

## COUNT TEN

On or about February 4, 2000, in the Northern District of Mississippi, KENNETH JERMAINE COX, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

### COUNT ELEVEN

On or about February 15, 2000, in the Northern District of Mississippi, JOHNATHAN PHINIZEE, defendant herein, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

### COUNT TWELVE

On or about April 5, 2000, in the Northern District of Mississippi, KENNETH JERMAINE COX and TONY COX, defendants herein, aided and abetted by each other, did knowingly and intentionally distribute in excess of five (5) grams of a mixture and substance containing cocaine base (crack cocaine), a Schedule II narcotic controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a) and (b)(1)(B).

### COUNT THIRTEEN

1. The allegations contained in Counts One, Two, Three, Five and Six of this Indictment are hereby realleged and incorporated as though fully set forth herein.

2. As a result of his commission of one or more felony offenses alleged in Counts One, Two, Three, Five and Six of this Indictment, each of which is punishable by imprisonment for more than one year, the interest in the property of the defendant, MARCUS DAWSON, described below is subject to forfeiture under Title 21, United States Code, Section 853 as property used and intended to be used in any manner or part, to commit and to facilitate the commission of violations of 21 U.S.C. § 841 and 21 U.S.C. § 846.

3. The property subject to forfeiture includes but is not limited to the following:

**Real Property:**

Real property, which includes all appurtenances and hereditaments thereto, and all improvements, buildings, structures and fixtures thereon, or any proceeds therefrom, located and situated in Lowndes County, Mississippi, and more particularly described as follows, to-wit:

Lot 18 of Morningside Estates Subdivision, a subdivision of Lowndes County, Mississippi, as shown by the map or plat thereof of record in Plat Book 2, page 116 of the land records of Lowndes County, Mississippi; SUBJECT HOWEVER, to existing easements for the installation and maintenance of utility facilities as shown on said recorded plat; and subject also to a permanent right of way and easement conveyed to the City of Columbus, Mississippi, by instrument dated November 30, 1970, and recorded in Book 432 at pages 70-71 of the land records of Lowndes County, Mississippi, and being five feet in width along the East and West lot lines of Lot 18.

Said real property is identified in the public records of Lowndes County, Mississippi, as Parcel No. 56W130007700

**Substitute Assets:** If any of the property described in this Count, as a result of any act or omission of the defendant, MARCUS DAWSON, (a) cannot be located upon the exercise of due diligence; or (b) has been transferred or sold to, or deposited with, a third party; or (c) has been placed beyond the jurisdiction of the court; or (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; then any

other property of the defendant, MARCUS DAWSON, is subject to forfeiture up to the value of any property described above.

**A TRUE BILL**

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest: 1/22/08
David Crews, Clerk
By: S. Adams
Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF MISSISSIPPI

FILED
DEC 28 2001
U.S. DISTRICT COURT
B. COYLE, CLERK
Deputy

UNITED STATES OF AMERICA

v.                                                      Case Number    1:01CR00034-004

MICHAEL LOCKETT
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MICHAEL LOCKETT, was represented by Richard Burdine.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count(s) 7 & 8 of the indictment filed on 3/2/2001. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 841 | Distribution of Cocaine Base | 8/30/99 | 7 |
| 21 USC 841 | Aiding and Abetting in the Distribution of Cocaine Base | 9/27/99 | 8 |

As pronounced on 12/19/2001, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for count(s) 7 & 8, which shall be due immediately. All criminal monetary penalties to include special assessments, fine, and/or restitution (including community restitution) shall be made to the Clerk, U.S. District Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. Payment shall be tendered in cash, postal money order, or certified bank check only. Personal checks will not be accepted.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 28 day of December, 2001.

NEAL B. BIGGERS, JR.
SENIOR U. S. DISTRICT JUDGE

Defendant's SSN:
Defendant's Mailin
Defendant's Residence
Defendant's USM No: 06085-04

CRIMINAL JUDGMENT BOOK
BOOK 69  PAGE(S) 39-43
DATE: 12-28-01

39

Entered 1-4-02

Defendant: MICHAEL LOCKETT                                                        Judgment--Page 2 of 5
Case Number: 1:01CR00034-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 7 and 8, to be served concurrently.

The defendant is ordered to surrender by reporting as directed by the Clerk of the Court on January 15, 2002.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal

40

Defendant: MICHAEL LOCKETT
Case Number: 1:01CR00034-004

Judgment--Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. This term consists of terms of 5 years on each of Counts 7 and 8, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S  Sheet 3a - Supervised Release

Defendant: MICHAEL LOCKETT
Case Number: 1:01CR00034-004

Judgment--Page 4 of 5

# SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

Judgment--Page 5 of 5

Defendant: MICHAEL LOCKETT
Case Number: 1:01CR00034-004

## DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

IT IS ORDERED that the defendant shall be ineligible for all federal benefits for a period of five (5) years ending 9/26/2006.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veteran's benefit, public housing, or other similar benefit, of any other benefit for which payment or services are required for eligibility.

*THE CLERK OF COURT IS RESPONSIBLE FOR SENDING A COPY OF THIS PAGE AND THE FIRST PAGE OF THIS JUDGMENT TO: U.S. DEPARTMENT OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, WASHINGTON D.C. 20531.*

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.

Attest 1/22/08
David Crews, Clerk

By J. Adams
Deputy Clerk

43